IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONELL THOMPSON, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-773-SLP |
| | ) |
| **JAVIER MARTINEZ, et al.,** | ) |
| | ) |
| **Defendant(s).** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se*, filed a civil rights complaint. (Doc. 1). United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 3). For the following reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice to the re-filing.

**I.    Discussion**

Plaintiff filed this action on July 24, 2024, when he was detained at the Stephens County Detention Center. (Doc. 1, 8; *id.* at Ex. 2). Plaintiff did not submit a filing fee to the court or an *in forma pauperis* motion (motion to proceed without prepayment of fees or costs), and the undersigned ordered him to cure those deficiencies by August 29, 2024. (Doc. 4). Plaintiff was advised that failure to comply with the court's order may result in dismissal of the action. (*Id.* at 2).

On August 22, 2024, Plaintiff submitted an Application for Leave to Proceed *In Forma Pauperis* on a form for prisoners. (Doc. 5). The undersigned granted Plaintiff's

application on August 23, 2024, ordering Plaintiff to pay an initial partial filing fee of $9.20 on or before September 13, 2024, or to show cause in writing for the failure to pay. (Doc. 6, at 1-2). Plaintiff was advised that failure to comply with the court's order may result in dismissal of the action. (*Id.* at 2).

On September 13, 2024, Plaintiff advised the court that he was transported to the Oklahoma County Detention Center "on a 20 year old warrant." (Doc. 7). On September 25, 2024, two felony charges against Plaintiff in Oklahoma County were dismissed with prejudice. Oklahoma County Case Nos. CF-2004-5860[1] and CF-2004-5933.[2] Plaintiff also filed a notice noting a new address – not affiliated with a detention facility – in another case referred to the undersigned. *Thompson v. Hicks*, CIV-24-829-SLP (W.D. Okla.), Doc. 10. Thus, because Plaintiff "is no longer incarcerated . . . the PLRA no longer applies to him." *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013) (addressing the scope of the payment obligation under the PLRA). So, the undersigned vacated the order granting Plaintiff's Application to Proceed *In Forma Pauperis*, instructed him that he was no longer required to pay the initial partial filing fee of $9.20, and ordered him to submit an Application to Proceed in District Court Without Prepaying Fees or Costs on the form for non-prisoners on or before November 1, 2024. (Doc. 9). Plaintiff was provided the

---

[1] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2004-5860&cmid=1844789 (last visited Nov. 7, 2024).

[2] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2004-5933&cmid=1845755 (last visited Nov. 7, 2024).

necessary forms to allow him to comply with the order.  (*Id.*)  To date, Plaintiff has neither submitted the form nor paid the civil filing fee.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order."  *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sua sponte* under Rule 41(b)).  If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

A plaintiff's failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's order and failure to pay the filing fee warrants dismissal of this action without prejudice.  Plaintiff was warned that

the failure to comply with court orders could result in dismissal of the action. Plaintiff has an additional opportunity to respond through objection to this Report and Recommendation.

## II.  Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Plaintiff's failure to comply with the court's order and failure to pay the filing fee. **Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 2, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 7th day of November, 2024.

*[signature]*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE